1   MICHAEL A. LADRA, State Bar No. 064307 (mladra@wsgr.com)
    TERRY JOHNSON, State Bar No. 121569 (tjohnson@wsgr.com)
2   JAMES C. YOON, State Bar No. 177155 (jyoon@wsgr.com)
    MATTHEW R. REED, State Bar No. 196305 (mreed@wsgr.com)
3   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
4   650 Page Mill Road
    Palo Alto, CA 94304-1050
5   Telephone:  (650) 493-9300
    Facsimile:   (650) 565-5100
6
    Attorneys for Defendants
7   Eliyahou Harari and SanDisk Corporation

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12   STMICROELECTRONICS, INC.,          )    CASE NO.:  08-02332 MMC
                                         )
13                Plaintiff,             )    **DEFENDANTS ELIYAHOU HARARI**
                                         )    **AND SANDISK CORPORATION'S**
14          v.                           )    **OPPOSITION TO PLAINTIFF**
                                         )    **STMICROELECTRONICS, INC.'S**
15   ELIYAHOU HARARI, an individual;     )    **MOTION TO SHORTEN BRIEFING**
     SANDISK CORPORATION, a corporation; )    **SCHEDULE FOR MOTION TO**
16   and                                 )    **REMAND**
     DOES 1-20, inclusive,               )
17                                       )    Date:      N/A
                  Defendants.            )    Time:      N/A
18                                       )    Before:    Hon. Maxine M. Chesney[1]
                                         )    Location:  Courtroom 7, 19th Floor
19   _____)

20

21

22

23

24

25   _____

26      [1]  Because no order has issued on the pending motions regarding related cases, Defendants
     are filing these opposition papers in Case No. C 08-02332 MMC, currently pending before the
27   Honorable Maxine M. Chesney.  Defendants will also lodge a courtesy copy of their papers with
     the Honorable Jeremy Fogel, before whom the motions regarding related cases are pending in
28   Case No. C 04-4379, consolidated with Case No. C 05-5021, and Case No. C 05-4691.

1    **I.      INTRODUCTION**

2           On May 10, 2008, STMicroelectronics, Inc. ("ST") moved for an order shortening the

3    briefing schedule and eliminating oral argument for its anticipated motion to remand pursuant to

4    Civil Local Rule 6-3 ("Motion to Shorten Time").  Despite pages of vague accusations of

5    "delay" and despite the fact that ST appears to agree that Defendants' basis for removal presents

6    a federal question, ST failed to demonstrate the "substantial harm or prejudice" required to

7    justify shortening the briefing schedule or foregoing oral argument on its motion to remand.

8    Defendants respectfully request that the Court deny ST's Motion to Shorten Time.

9    **II.     PROCEDURAL HISTORY**

10          On October 14, 2005, ST filed a complaint in Alameda County Superior Court against

11   SanDisk Corporation and its founder, Dr. Eliyahou Harari, seeking the assignment of certain

12   SanDisk patent applications.  Declaration of Michael A. Ladra ("Ladra Decl.") ¶ 2.  ST based its

13   complaint on a 1984 Inventions Agreement between Dr. Harari and ST's alleged predecessor-in-

14   interest, WaferScale Integration, Inc. ("WSI").  *Id.*  On November 16, 2005, Dr. Harari and

15   SanDisk removed the case to this Court based on federal inventorship issues raised by ST's

16   Complaint.  *Id.* at ¶ 3.  On December 13, 2005, ST filed a motion to remand.  *Id*. at ¶ 4.  The

17   Court denied ST's motion, ruling that ST's case presented a substantial question of federal patent

18   law.  *Id.* at ¶ 5.  In response, ST filed a motion for reconsideration.  *Id*. at ¶ 6.

19          Before the Court ruled on ST's motion for reconsideration, Defendants filed a case-

20   dispositive motion for summary judgment that ST's claims were barred by the statute of

21   limitations (given that the underlying patent applications at issue were filed nearly twenty years

22   ago and in light of intervening events).  *Id*. at ¶ 7.  After the parties fully briefed and argued the

23   summary judgment motion, the Court granted ST's motion for reconsideration and remanded the

24   case to state court.  *Id*. at ¶ 8.  Upon remand, Defendants renewed their jurisdictional challenge[2]

25

26      [2]  When a district court remands a case to state court based on lack of federal question
     jurisdiction, the sole method of challenging the order is to file a motion in state court asking that
27   court to examine *de novo* the question of subject matter jurisdiction.  *See AT&T Commc'ns, Inc.
     v. Superior Court*, 21 Cal. App. 4th 1673, 1680-81 (1994).
28

1    by filing a motion for judgment on the pleadings, arguing that ST's claims required resolution of

2    a substantial question of federal patent law that must be brought in federal court. *Id.* at ¶ 9.

3    SanDisk filed that motion because this Court's remand order was not appealable to any federal

4    court. *See* 28 U.S.C. § 1447(d). The Superior Court denied Defendants' motion for judgment on

5    the pleadings. Ladra Decl. at ¶ 9.

6         On August 11, 2006, Defendants filed a motion to transfer venue to Santa Clara County

7    Superior Court because ST had filed its lawsuit in the wrong county. *Id.* at ¶ 10. The Alameda

8    County Superior Court denied Defendants' motion and Defendants appealed. *Id.* The Court of

9    Appeal issued a writ commanding the Alameda County Superior Court to transfer the case to

10   Santa Clara County. *Id.* at ¶ 11. While the case was in Alameda County, Defendants also filed

11   an anti-SLAPP motion to strike ST's unfair competition claim because, in Defendants' view, it

12   was directed to SanDisk's protected activity of filing patent infringement lawsuits.[3] *See id* at

13   ¶ 12; Compl. at ¶ 100. The Alameda County Superior Court denied Defendants' motion and the

14   Court of Appeal affirmed. *See* Ladra Decl. at ¶¶ 12, 13. Between February 15 and December

15   13, 2007, the action was stayed by operation of law during the pendency of Defendants' appeal.[4]

16   *Id.* at ¶ 14. Once the stay was lifted, Defendants sought resolution of the case by requesting an

17   early briefing and hearing schedule on its statute of limitations summary judgment motion in

18   Santa Clara County Superior Court. *Id.* at ¶ 15. The motion was originally scheduled for

19   hearing on April 10, 2008, but the parties stipulated to continue the hearing to July 10, 2008. *Id.*

20        Despite Defendants' diligent pursuit of discovery, ST repeatedly stonewalled.

21   Defendants have produced over 1.2 million pages of documents to date, while ST has produced

22   just over 7,000 pages, and has refused to produce documents from its corporate parent ST NV,

23   _____

24        [3] Although ST criticizes Defendants for not filing an anti-SLAPP motion in federal court, ST
     fails to note that such motions are sharply circumscribed in the federal forum. For example,

25   while a litigant in federal court is permitted to amend its complaint in response to an anti-SLAPP
     motion, that tactic is impermissible in state court. *Compare Verizon Delaware, Inc. v. Covad*

26   *Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004); *with Simmons v. Allstate Ins. Co.*, 92 Cal.
     App. 4th 1068, 1073 (2001).

27        [4] ST's refusal to recognize the automatic stay mandated by Cal. Civ. Proc. Code § 916
     forced Defendants to file a motion to stay discovery pending appeal. Ladra Decl. ¶ 14. The

28   Superior Court confirmed that the action was stayed during the appeal by operation of law. *Id.*

1   even though ST is run by its parent. *Id.* at ¶ 16. Given ST's refusal to search for and produce

2   documents, on March 26, 2008, Defendants filed a motion to compel. *Id.* at ¶ 17. In reaction,

3   ST also filed a motion to compel. *Id.* On April 17, 2008, the Santa Clara County Superior Court

4   heard argument on the parties' motions and tentatively granted Defendants' motion in all

5   material respects, though a final order was not issued by the time of Defendants' removal. *Id.* at

6   ¶ 18. Since removal, Defendants offered to proceed with the deposition of third party Irwin

7   Federman (noticed for May 16, 2008); however, ST cancelled that deposition and refused to

8   proceed, citing Defendants' removal as the basis. *Id.* at ¶ 19 and Ex. A.

9   **III.    ST'S INTERJECTION OF A FEDERAL QUESTION**

10          The parties previously agreed that the Inventions Agreement contained an "agreement to

11   assign" and not an "automatic assignment." Indeed, ST opposed Defendants' statute of

12   limitations motion before this Court by arguing that "[u]nder the terms of the [Inventions

13   Agreement], Harari was obligated to assign his patent rights to WSI, but *only if* WSI chose, in its

14   discretion to seek patents on Harari's inventions." *See* Case No. 05-4691 (Docket # 58) at 19.

15          In a complete about-face, on April 7, 2008, ST changed its position regarding the

16   interpretation of the Inventions Agreement, arguing for the first time that Harari's inventions

17   "were automatically assigned to WSI per the terms of the [Agreement]." *See* Ladra Decl. Ex. B

18   at 25.[5] By changing its position from agreeing with Defendants that the Inventions Agreement

19   contained an "agreement to assign" to positing that inventions were "automatically assigned," ST

20   interjected a federal question that needs to be resolved in federal court based on the exclusive

21   jurisdiction of the Patent Act.

22   **IV.    ARGUMENT**

23          **A.    ST Failed to Demonstrate the Required "Substantial Harm or Prejudice"**

24          Under Civil Local Rule 6-3, a party seeking an order shortening time must establish "the

25   substantial harm or prejudice that would occur if the Court did not change the time." Civil L.R.

26   _____

27          [5] In a subsequent pleading with the Superior Court, ST reiterated its reversal on this issue in
     stating "[t]o be clear, it is ST's position that the agreement between WSI and Dr. Harari operated
28   to automatically assign his inventions to WSI." Ladra Decl. Ex. C at 3 n.2.

6-3(a)(3).  Because ST has failed to establish substantial harm or prejudice, its motion should be denied.  The only effort ST made in attempting to establish substantial harm or prejudice was to repeatedly cry "delay."  In particular, ST complains of a "three month delay" because Judge Fogel's first available hearing date is July 25, 2008 (which ST mischaracterizes as a "demand" by Defendants for a three month briefing schedule).  However, ST did not explain why waiting for an available hearing date would cause it any harm or prejudice.  In a case involving a contract from 1984, abiding by the Court's usual procedures and timing will not work any hardship on ST.  And ST's claims that the action is "stayed" pending resolution of the motion to remand and that Defendants "stopped discovery" is nothing less than perplexing:  Defendants offered to proceed with discovery during the pendency of the motion to remand and ST rejected the offer.  Ladra Decl. ¶ 19.  By assuming that the Court will grant its motion to remand, and by refusing to proceed with discovery during the pendency of that motion, ST is itself creating a delay in the case.  The Court should not allow ST to create a delay and then point to that delay as a basis on which to shorten time and eliminate oral argument on its motion to remand.

Perhaps because ST cannot establish that it will suffer any substantial harm or prejudice if the parties follow this district's normal briefing and hearing procedures, ST seeks to justify the relief it requests by claiming that Defendants will suffer no prejudice if they are forced to respond to the motion for remand by May 16, 2008 and forego oral argument.  This claim is not only irrelevant to the inquiry before the Court, but also wrong on the facts:  Defendants would assuredly be prejudiced by the extreme shortening of time requested by ST.  Defendants should be allowed to fully prepare and present to the Court their arguments in opposition to ST's motion for remand.  The basis for Defendants' removal is brand new and completely unrelated to the prior jurisdictional motion.  If Defendants are not allowed to fully prepare and present their arguments to the Court, Defendants would be prejudiced.  Defendants respectfully request that the Court prevent such prejudice by denying ST's request for an extremely expedited briefing schedule and the elimination of oral argument.

**B.    Defendants' Removal was Proper**

Although the Court is not being asked to decide now ST's motion to remand, Defendants

1  will demonstrate in their opposition to the motion that federal jurisdiction over ST's claims is

2  proper due to ST's interjection of a federal question.  ST previously claimed – and represented to

3  this Court – that the Inventions Agreement constituted an "agreement to assign."  Just over a

4  month ago, on April 7, 2008, ST reversed its position and posited that the Inventions Agreement

5  created an "automatic assignment" of patent rights.  The reason ST changed its position is clear:

6  ST hopes to avoid summary judgment that its claims are time-barred.  By interjecting a dispute

7  over whether the Inventions Agreement created an "agreement to assign" or an "automatic

8  assignment" where none existed previously, ST has now required that the Court resolve a

9  substantial federal question.

10       Defendants removed the case to federal court based on the Federal Circuit's holding that

11  whether contract language constitutes an "agreement to assign" or an "automatic assignment"

12  presents a question of federal law.  *DDB Technologies L.L.C. v. MLB Advanced Media, L.P.,* 517

13  F.3d 1284, 1290 (Fed. Cir. 2008).  In its Motion to Shorten Time, ST admits – as it must – that

14  this is a federal question.  *See* Mot. to Shorten Time at 1 n.1 and 3 n.3.  And despite ST's

15  contrary suggestion, Defendants' removal was certainly timely.  Defendants *could not* have

16  removed the case to federal court until *after* ST indicated its change of position, interjecting a

17  substantial federal question into the case.  Until then, the parties were in complete accord.  Once

18  ST changed position, however, Defendants properly and promptly removed the case.  Defendants

19  will oppose ST's motion to remand in due course, but respectfully request that the Court deny

20  ST's motion to shorten time and to eliminate oral argument on the motion.

21  **V.     CONCLUSION**

22       For the reasons stated above, Defendants respectfully request that ST's Motion to Shorten

23  Time be denied in its entirety and that the parties proceed under this district's normal briefing

24  and hearing procedures.

25  Dated:  May 14, 2008                    WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation
26
                                            By:  /s/ Michael A. Ladra
27                                               Michael A. Ladra

28                                          Attorneys for Defendants
                                            ELIYAHOU HARARI and
                                            SANDISK CORPORATION